IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN AHMADZAI,

        Plaintiff,                    No. CIV S-05-1091 LKK JFM PS

    vs.

FRANK METULLY, SR., et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

       Defendants' motion to dismiss or, in the alternative, motion for summary judgment, came on regularly for hearing September 8, 2005. Plaintiff appeared in propria person. Jerrold B. Braunstein appeared for defendants. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. <u>Motion to Dismiss Standards</u>

       In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question. See <u>Hospital Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. See <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). Furthermore, unless a court converts a Rule 12(b)(6) motion into a

1  motion for summary judgment, a court cannot consider material outside of the complaint (e.g.,
2  facts presented in briefs, affidavits, or discovery materials).  <u>Levine v. Diamanthuset, Inc.</u>, 950
3  F.2d 1478, 1483 (9th Cir.1991).  A court may, however, consider exhibits submitted with the
4  complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.
5  <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.1989); <u>Mack
6  v. South Bay Beer Distributors, Inc.</u>, 798 F.2d 1279 (9th Cir.1986).

7        A motion to dismiss for failure to state a claim should not be granted unless it
8  appears beyond doubt that a plaintiff can prove no set of facts in support of the claim that would
9  entitle the plaintiff to relief.  See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Palmer v.
10 Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  However, a court may
11 dismiss a pro se litigant's complaint without leave to amend if it appears beyond a doubt that the
12 plaintiff can prove no set of facts that would entitle plaintiff to relief and this defect cannot be
13 cured by amendment.  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957);  <u>McGuckin v. Smith</u>,
14 974 F.2d 1050, 1055 (9th Cir.1992).

15 II.  <u>Plaintiff's Claims</u>

16       Plaintiff, a citizen of California, alleges breach of contract, fraud and
17 misrepresentation claims against Patriot Express, a financing company, which he alleges was
18 operated by Frank Metully, Sr. and Diane Metully in Montana, and which financed plaintiff's
19 trucking company.  Plaintiff contends, *inter alia*, that defendants closed their business in January
20 2001 without giving plaintiff prior notice and interfered with his relationship with a new
21 financing company, Trans Central, because defendants allegedly started collecting money from
22 accounts from which Trans Central was supposed to collect.  (Complaint at 2-3.)  Plaintiff seeks
23 monetary damages, including punitive damages on his fraud and misrepresentation claims.

24       Plaintiff alleges defendants breached their contract with plaintiff in 2002.  (Pl.'s
25 Opp'n at 4.)  Plaintiff attached a copy of a "Notice of Assignment" from Patriot Express on
26 behalf of Europa Specialized Carrier, Inc., dated July 24, 2000, and signed by Frank Metully, Sr.,

and a copy of Patriot Express' notice of discontinuation of its factoring arrangements with Europa dated March 9, 2001. (Opp'n, Ex. 1.) Plaintiff also provided a copy of Patriot Express "Reserve Account Reports" for the time frame October 1, 2000 to October 20, 2000. (Opp'n., Ex. 2.)

Defendants Frank Metully, Sr. and his daughter, Diane Thiel, contend they stopped doing business with plaintiff on January 17, 2001. Defendants provided a copy of the July 8, 2003 judgment rendered in <u>Minuteman Express v. Europa Specialized Carrier, Brian Ahmadzai, et al.</u>,[1] where the Sacramento County Superior Court found plaintiff and his corporate entity, Europa, had formed a factoring agreement based on an oral contract with Minuteman, and ordered plaintiff and Europa to pay Minuteman breach of contract damages in the amount of $52,917.10. <u>Id.</u> at 3 (appended to Defts.' Motion as Attachment 6). Defendants contend this action is barred by the statute of limitations.

III. <u>Statute of Limitations</u>

In this diversity case, California law provides the applicable statutes of limitations. California Code of Civil Procedure § 337 establishes a four-year limitations period for "[a]n action upon any contract, obligation or liability founded upon an instrument in writing." Generally, a cause of a action for breach accrues and the statute of limitations begins to run at the time of breach. <u>Mortkowitz v. Texaco Inc.</u>, 842 F.Supp. 1232, 1237 (N.D.Cal.1994).

Breach of an oral contract is governed by a two year statute of limitation, Cal.Code Civ. Pro. § 339, and fraud-based claims must be filed within three years, Cal.Code Civ. Pro. § 338(d). <u>Kurokawa v. Blum</u>, 199 Cal.App.3d 976, 989, 245 Cal.Rptr. 463 (1988) (barring contract and fraud claims based on §§ 339 and 338(d); action accrued from date of nonperformance); <u>Television Adventure Films Corp. v. KCOP Television, Inc.</u>, 249 Cal.App.2d 268, 278-79, 57 Cal.Rptr. 526 (1967) (Sections 339 and 338(d) bar actions based on breach of

---

[1] A court may take judicial notice of court records. <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

3

1  oral contract and fraud if actions are commenced more than three years after plaintiff learns of
2  the breach).

3        A cause of action for a breach of an oral contract accrues at the time of the breach,
4  i.e., when the party charged with the duty to perform under the contract fails to perform.
5  Cochran v. Cochran, 56 Cal.App.4th 1115, 1124, 66 Cal.Rptr.2d 337 (1997); Parker v. Walker, 5
6  Cal.App.4th 1173, 1190, 6 Cal.Rptr.2d 908 (1992) (statute of limitations begins to run when oral
7  contract is repudiated).  Fraud-based claims do not accrue until discovery of facts constituting the
8  alleged fraud.  Cal. Civ. Proc. § 338(d); see also Magpali v. Farmers Group, Inc., 48 Cal.App.4th
9  471, 484, 55 Cal.Rptr.2d 225 (1996) ("the crucial event for accrual purposes is the occasion on
10 which the plaintiff first learns of the [claim], not the date on which he is terminated.").

11       As noted above, the Sacramento County Superior Court found plaintiff and
12 Europa Specialized Carrier had formed a factoring agreement based on an oral contract with
13 Minuteman Express, Inc. in the early portion of the year 2000.  Minuteman Express, Inc. v.
14 Europa Specialized Carrier, et al., Sacramento County Superior Court Case No. 02AS01667 at 1,
15 2 (July 8, 2003) (Attachment 6 to Defendants' Motion.)

16       Plaintiff has provided evidence of breach of contract on varying dates.  In his
17 complaint, plaintiff alleges defendants closed their business in January of 2001 without giving
18 plaintiff prior notice. (Complaint at 2.)  In his opposition, plaintiff states Frank Metully closed
19 Patriot Express and then opened Minuteman Express; he alleges he was given no prior notice
20 defendants were closing Patriot Express and states "this transfer occurred after defendant Metully
21 breached the contract between Patriot Express and plaintiff."  (Opp'n at 2.)

22       On January 19, 2001, plaintiff wrote to defendants stating they had frozen all his
23 funds and requesting they release funding to him.  (Opp'n, Ex. 1.)  On March 9, 2001, Patriot
24 Express wrote a letter addressed to "Accounts Payable," wherein it stated Patriot Express, Inc.
25 had discontinued its factoring arrangement with Europa and directed payments for freight bills to
26 be sent to Orange Commercial Credit.  (Opp'n, Ex. 1.)

Plaintiff filed the instant action on June 2, 2005.

Even if the court were to liberally construe the March 9, 2001 letter as a possible breach of contract between plaintiff and defendants, plaintiff's complaint is still barred by the four year statute of limitations because he did not file it until June 2, 2005, over four years later. However, it is more likely that plaintiff became aware of potential contract breaches as early as October of 2000, but in any event no later than January, 2001, when plaintiff admits defendants closed their business without advance notice.[2] Thus, it appears plaintiff could not amend his complaint to raise claims not barred by the four year statute of limitations, and certainly could not amend his complaint to raise claims not barred by the two year statute of limitations that governs oral contracts.

Although plaintiff states in his opposition that defendants "breached their contract with Europa Specialized Carrier, Inc. in 2002" (Opp'n at 4), he provides no factual or evidentiary support for that claim, and his filing was not made under penalty of perjury. Indeed, all of the attachments to plaintiff's opposition reflect dates in 2000 and 2001. Plaintiff's complaint references only the January, 2001 breach.

A motion to dismiss a complaint as time-barred may only be granted where the running of the statute is apparent on the face of the complaint. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980). In his complaint, plaintiff alleges that on or about January, 2001, defendants closed their business without giving prior notice to plaintiff's trucking company. (Complaint at 2.) Plaintiff admits he tried to obtain further payments from Patriot Express in 2000. Thus, it is clear from the face of his complaint that his breach of contract claims are generated by incidents which occurred prior to January 31, 2001, and are barred, at a minimum, under the four year statute of limitation set forth in California Code of Civil Procedure § 337.

---

[2] This is further supported by plaintiff's trial brief filed in the state court action. (Trial Brief, at 6-9 (filed on September 1, 2005 as Exhibit B), referencing dates spanning from January 14, 2000 to January 17, 2001.)

1  Because plaintiff's other claims are governed by time periods shorter than four years, those
2  claims are also barred.  Thus, defendants' motion to dismiss plaintiff's claims as barred by the
3  statute of limitations should be granted.
4  IV.  Review of State Court Action
5             Plaintiff also alleges that had the state court allowed him to present evidence, the
6  state court would have changed its decision based on the fact plaintiff did not transact business
7  with Diane Metully doing business as Minuteman Express.  (Opp'n at 5.)  Plaintiff insists he only
8  did business with Patriot Express.  However, at the hearing on the instant motion, plaintiff
9  admitted he had informed the state court about this, but claimed the state court did not listen.
10            Federal district courts are not permitted to serve as appellate tribunals to review
11 errors committed by state courts.  Atlantic Coast Line R. Co. v. Brotherhood of Locomotive
12 Engineers, 398 U.S. 281, 296 (1970).  "The district court lacks subject matter jurisdiction either
13 to conduct a direct review of [a] state court judgment or to scrutinize the state court's application
14 of various rules and procedures pertaining to the state case."  Samuel v. Michaud, 980 F. Supp.
15 1381, 1411-12 (D. Idaho 1996); see also, Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995)
16 (finding no subject matter jurisdiction over § 1983 claim seeking inter alia, implicit reversal of
17 state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attack on state
18 court judgment because of substantive defense improper under Rooker-Feldman).
19            Despite plaintiff's protestations to the contrary, the state court found plaintiff had
20 formed a factoring agreement with Minuteman Express based on an oral contract.  Minuteman
21 Express, Inc. v. Europa Specialized Carrier, et al., Sacramento County Superior Court Case No.
22 02AS01667 at 1, 2 (July 8, 2003) (Attachment 6 to Defendants' Motion.)  The proper forum for
23 plaintiff to contest the ruling of the state court was to take an appeal to the Court of Appeal for
24 the State of California.  This court does not have subject matter jurisdiction to revisit the state
25 court's decision, nor to inquire of the evidentiary matters taken up in the state court action.
26 /////

V. Res Judicata

It appears plaintiff's action should also be barred by *res judicata*. Under the doctrine of *res judicata*, "'[a] final judgment on the merits bars a subsequent action between the same parties or their privies over the same cause of action.'" The Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992)(citations omitted). When a state court judgment is the source of the claimed *res judicata*, a federal court must give the state court judgment the same full faith and credit it would be entitled to in the courts of the state in which it was entered. See Allen v. McCurry, 449 U.S. 90, 96 (1980)(citing 28 U.S.C. § 1738).

Under California law, a final judgment on the merits precludes re-litigation of the same cause of action. See Pension Trust Fund for Operating Engineers v. Triple A Machine Shop, Inc., 942 F.2d 1457, 1460 (9th Cir. 1991). *Res judicata* applies if the claim raised in the subsequent action "'relates to the same "primary right" as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party or in privity with a party in the prior action.'" Sanchez v. City of Santa Ana, 936 F.2d 1027, 1035-36 (9th Cir. 1990)(citations omitted).[3]

Plaintiff Brian Ahmadzai was a party to the state court action. Minuteman Express, Inc. v. Europa Specialized Carrier, et al., Sacramento County Superior Court Case No. 02AS01667 at 1 (Attachment 6 to Defts.' Motion); see also Trial Brief, at 6 "Masood Ahmadzai (aka Brian Ahmadzai)" at 6, (filed on September 1, 2005 as Ex. B). Frank Metully, Sr. and Diane Thiel are owners of Minuteman Express, a Montana corporation. (Defts.' Motion at 2.)

---

[3] The "primary right" requirement is met where "two actions involve the same injury to the plaintiff and the same wrong by the defendant," even if plaintiff in the second suit "pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983). So long as the same primary right is involved in two actions, judgment in the first bars subsequent consideration of all matters that were raised or could have been raised in the first suit. Id. at 1175; see also Miller v. County of Santa Cruz, 39 F.3d 1030, 1034 (1994). Under the "primary right" doctrine, however, even non-identical claims in this subsequent proceeding would be barred, so long as the two actions involved the same injury to plaintiff and the same wrong by defendant.

1  Minuteman Express is the true name of the corporation that dealt with plaintiff.  (Defts.' Motion
2  at 3.)
3       The claims raised in the state court action pertained to the factoring agreement
4  between plaintiff and the Metully's corporation, Minuteman Express.  It appears Patriot Express
5  may have been a precursor to Minuteman Express, but in any event involved the Metullys.  At
6  oral argument on the instant motion, plaintiff stated he had provided the Patriot Express
7  documents to the state court.  Counsel for defendants provided a declaration addressing the
8  similarity of the claims raised in both actions:
9     The issues raised by this complaint arise from the same
      transactions sued upon in the State Court action and were not
10    raised in that proceeding although evidence introduced at trial
      referred to the allegations mentioned in this complaint and Brian
11    Ahmadzai argued the amount alleged to be due as a setoff against
      the balance owed. . . .  The court disposed of those issues in its
12    ruling in favor of [Minuteman].
13  (Braunstein Decl., at 3-4.)  A review of the Trial Brief prepared by plaintiff's counsel in the state
14  court action supports a finding that plaintiff's claims in this action arise from the same
15  transactions resolved in the state court action.  (Ex. B, filed September 1, 2005.)  These claims
16  were fully litigated in a court trial on the merits.  (Defts.' Motion, Attachment 6.)
17       Because there is an identity of parties and claims and the claims were fully
18  litigated on the merits, <u>Minuteman Express, Inc. v. Europa Specialized Carrier</u>, et al., Sacramento
19  County Superior Court Case No. 02AS01667 (July 8, 2003), the instant action is also barred by
20  the doctrine of *res judicata*.
21       For the foregoing reasons, it appears beyond a doubt that plaintiffs can prove no
22  set of facts that would entitle plaintiffs to relief and these defects cannot be cured by amendment.
23  Thus, defendants' motion to dismiss should be granted.
24       In accordance with the above, IT IS HEREBY RECOMMENDED that:
25       1.  Defendants' July 14, 2005 motion to dismiss be granted; and
26       2.  This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 12, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

001; ahmadzai.mtd